UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>ELMER BOYD STEWART,<br>    Defendant. | CRIMINAL ACTION NO. 6:04-01-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Elmer Stewart's motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines (DE 39). Amendment 782 reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Stewart pleaded guilty to two charges, one of which was a drug trafficking offense in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 851. (DE 31, Judgment). According to the presentence report, the defendant's Base Offense Level under then-existing U.S.S.G. § 2D1.1 was 14. However, the presentence report provided that Stewart's prior felony convictions qualified him as a career offender under U.S.S.G. § 4B1.1, with an enhanced offense level of 34. With a three-level reduction for acceptance of responsibility, Stewart's advisory guideline range, as a career offender, was 188 to 235 months. The Court sentenced the defendant to 204 months of imprisonment. (DE 31, Judgment).

Stewart is not eligible for a sentence reduction under Amendment 782. Once a defendant is determined to be a career offender under § 4B1.1, the career offender guideline range controls if it is greater than the initial advisory guideline range. U.S.S.G. § 4B1.1(b). In this case, the Court calculated Stewart's sentence based on the career offender

guidelines. When a sentencing range is derived from § 4B1.1 and not the Drug Quantity Table in § 2D1.1, Amendment 782 does not apply. *See United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (holding previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Sullivan*, No. 5:14-cr-7-06, 2015 WL 1524089, at *2 (N.D. Ohio Apr. 3, 2015) (finding defendant not eligible for a sentence reduction under Amendment 782 because his sentencing range was determined by his career offender status); *United States v. Nicholson,* No. 3:11–194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2015) (same). Therefore, because he was sentenced based on the career offender guideline range, **IT IS ORDERED** that the Stewart's motion for a sentence reduction (DE 39) is **DENIED**.

Stewart has also moved the Court to appoint counsel to represent him on this matter (DE 39). There is no constitutional right to counsel or a hearing on a motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995). Because here it is clear on the record that Stewart is not eligible for a sentence reduction, the Court **HEREBY ORDERS** that his motion to appoint counsel (DE 39) is **DENIED**.

Dated April 14, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY